Cheryl L. Schreck, State Bar No. 130083
cheryl.schreck@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:  (213) 239-9800
Facsimile:   (213) 239-9045

Attorneys for Defendants
FIRST NATIONAL BANK HOLDING
COMPANY EMPLOYEE BENEFIT
PLAN AND FIRST NATIONAL BANK
HOLDING COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN SANTILLI,<br><br>        Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK HOLDING COMPANY EMPLOYEE BENEFIT PLAN; FIRST NATIONAL BANK HOLDING COMPANY,<br><br>        Defendants. | Case No. 08 CV 1257 H WMc<br><br>**ANSWER OF DEFENDANTS FIRST NATIONAL BANK HOLDING COMPANY EMPLOYEE BENEFIT PLAN AND FIRST NATIONAL BANK HOLDING COMPANY TO PLAINTIFF ANN SANTILLI'S COMPAINT**<br><br>Trial Date:  Not Yet Set |

1    CASE NO. 08 CV 1257 H WMc
ANSWER OF DEFENDANTS FIRST NATIONAL BANK HOLDING COMPANY EMPLOYEE BENEFIT PLAN
and FIRST NATIONAL BANK HOLDING COMPANY TO PLAINTIFF ANN SANTILLI'S COMPAINT

6565551_2

**TO PLAINTIFF ANN SANTILLI AND HER ATTORNEYS OF RECORD:**

Defendants First National Bank Holding Company Employee Benefit Plan (the "Plan") and First National Bank Holding Company ("First National") (collectively, "Defendants"), hereby respond to Plaintiff Ann Santilli's Complaint as follows:

1. Answering paragraph 1 of the Complaint, Defendants admit that the claims alleged in the Plaintiff's Complaint arise under, and are governed by, the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2. Answering paragraph 2 of the Complaint, Defendants admit that this Court is vested with jurisdiction over the subject matter of this case pursuant to Section 502(e)(1) of ERISA, 29 U.S.C.§ 1132(e)(1).

3. Answering paragraph 3 of the Complaint, Defendants admit that venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C.§ 1132(e)(2).

4. Answering paragraph 4 of the Complaint, Defendants admit that Plaintiff was employed by First National Bank of Arizona as an underwriter. Defendants admit that Plaintiff left work on or about March 2, 2007. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 4 of the Complaint and therefore deny the same.

5. Answering paragraph 5 of the Complaint, Defendants admit that First National does business and has done business through a number of banks, including First National Bank of Arizona. Defendants admit that Plaintiff was employed by First National Bank of Arizona. Defendants admit that Plaintiff's employer now does business as First National Bank of Nevada. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 5 of the Complaint and therefore deny the same.

///

6. Answering paragraph 6 of the Complaint, Defendants admit that the Plan is an employee welfare benefit plan, as that term is defined by Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Defendants admit that the Plan provides welfare benefits to eligible employees of First National and certain other related employers that have adopted the Plan. Defendants admit that Plaintiff was eligible to participate, and was a participant, in the Plan. Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, Defendants admit that Plaintiff was offered the opportunity to participate in the Plan. Defendants admit that the benefits offered under the Plan include long-term disability benefits. Defendants admit that the long-term disability benefits offered under the Plan were, and are, fully insured by a group policy. Defendants admit that the group long-term disability benefits offered by the Plan were fully insured by a policy of insurance. Defendants admit that Plaintiff was a participant in the Plan. Defendants admit that Plaintiff ceased to be actively at work on or about March 2, 2007. Upon information and belief, Defendants deny that Plaintiff was entitled to long-term disability benefits as of June 2, 2007. Upon information and belief, Defendants deny that Plaintiff is disabled under the terms of the Plan and/or the policy of insurance governing long-term disability benefits. Defendants deny that Plaintiff met or meets the Plan's or the policy's requirements for benefits. Defendants deny the remaining allegations of paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, Defendants respond that the Plan is administered in accordance with its written terms and the written terms of the policy of insurance through which long-term benefits are provided, and that the written terms of the Plan's governing documents and the policy of insurance speak for themselves. Defendants deny that the allegations of paragraph 8 of the Complaint accurately represent the terms of the Plan or the terms of the policy of insurance through which long-term disability benefits are provided. Defendants

admit that Plaintiff was provided with short-term disability benefits under the Plan, and admit that Plaintiff was denied long-term disability benefits under the Plan. Defendants deny that the allegations of paragraph 8 of the Complaint fully or accurately describe the term of the Plan relating to benefits. Upon information and belief, Defendants admit that Plaintiff was approximately 62 years of age when her employment terminated. Defendants lack sufficient information regarding what Plaintiff thinks with respect to the terms of the Plan, and therefore deny the allegations of the fifth sentence of paragraph 8 of the Complaint. Defendants deny the remaining allegations of paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, Defendants admit that First National is the administrator (as that term is defined by Section 3(16) of ERISA, 29 U.S.C. § 1002(16)) of the Plan. Defendants deny that First National has, at any time, breached any fiduciary duty to the Plaintiff. Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, Defendants admit the insurer of the long-term disability benefits under the Plan was vested with discretion to render decisions on claims, initially and on appeal, for long-term disability benefits under the Plan. Defendants deny the remaining allegations of paragraph 10 of the Complaint.

11. Answering paragraph 11 of the Complaint, Defendants deny that Plaintiff met the Plan's requirements for long-term disability benefits. Defendants deny the remaining allegations of paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Defendants admit that Plaintiff submitted a claim for long-term benefits under the Plan. Defendants deny that Plaintiff met the Plan's criteria for eligibility for long-term disability benefits under the Plan. Defendants deny the remaining allegations of paragraph 12 of the Complaint.

///

13. Answering paragraph 13 of the Complaint, Defendants admit that Plaintiff submitted a claim for long-term disability benefits. Defendants deny that Plaintiff met the requirements for eligibility for long-term disability benefits under the Plan. Defendants deny any remaining allegations of paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, upon information and belief, Defendants admit that Plaintiff has exhausted the Plan's administrative claims and appeals procedures. Defendants deny any remaining allegations of paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever under the terms of the Plan, including but not limited to long-term disability benefits, attorney's fees, or costs of this action. Defendants deny that the amount of the benefit Plaintiff alleges in paragraph 15 of the Complaint accurately reflects the amount of any long-term disability benefit to which Plaintiff could possibly become entitled under the terms of the Plan. The last sentence of paragraph 15 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny that the last sentence of paragraph 15 of the Complaint accurately sets forth the law. Defendants deny the remaining allegations of paragraph 15 of the Complaint.

Additionally, Defendants assert the following affirmative defenses as set forth below:

**FIRST AFFIRMATIVE DEFENSE**

16. Any allegation not specifically admitted, controverted or denied previously in this Answer is hereby denied.

**SECOND AFFIRMATIVE DEFENSE**

17. The decision to deny Plaintiff's claim was in accordance with the terms of the employee benefit plan and policy, and were in no way demonstrative of any abuse of the discretion pursuant to which such decision was rendered.

**THIRD AFFIRMATIVE DEFENSE**

18. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

19. While denying that Plaintiff is entitled to recover the benefits or other relief she seeks in this matter, any benefit found to be due to Plaintiff is payable, if at all, only in accordance with the terms of the policy, and is subject to various set-offs and other reductions under express the terms of the Plan and the policy.

**FIFTH AFFIRMATIVE DEFENSE**

20. Plaintiff has failed to implead a party whose absence would preclude the Court from granting complete relief.

**SIXTH AFFIRMATIVE DEFENSE**

21. Plaintiff is not entitled to long-term disability benefits in this matter.

**SEVENTH AFFIRMATIVE DEFENSE**

22. Any remedy available to Plaintiff for an act or omission alleged in her Complaint is solely and exclusively limited to the relief afforded by ERISA.

**EIGHTH AFFIRMATIVE DEFENSE**

23. To the extent that Plaintiff seeks them, Plaintiff is not entitled to recover compensatory, extra-contractual or punitive damages as to her claim for benefits under ERISA. To the extent Plaintiffs' Complaint is construed to request compensatory, extra-contractual or punitive damages as to her ERISA claim, that request should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

**NINTH AFFIRMATIVE DEFENSE**

24. The documents pursuant to which the Plan is administered vested the decision-maker with respect to Plaintiff's claims with the full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy. Therefore, the appropriate standard of review in this matter is for an abuse of discretion. The decision to deny Plaintiff long-term

disability benefit claim was not an abuse of discretion and thus is binding on Plaintiff.

### **TENTH AFFIRMATIVE DEFENSE**

25. Defendants reserve the right to raise additional defenses as they may appear.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by this action;

2. That judgment be entered in favor of Defendants;

3. For Defendants' costs of suit and for reasonable attorneys' fees incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED:  August 11, 2008

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:/s/Cheryl L. Schrek
　　　　Cheryl L. Schreck
Attorneys for Defendants
FIRST NATIONAL BANK HOLDING COMPANY EMPLOYEE BENEFIT PLAN and FIRST NATIONAL BANK HOLDING COMPANY

7   CASE NO. 08 CV 1257 H WMc
ANSWER OF DEFENDANTS FIRST NATIONAL BANK HOLDING COMPANY EMPLOYEE BENEFIT PLAN and FIRST NATIONAL BANK HOLDING COMPANY TO PLAINTIFF ANN SANTILLI'S COMPAINT

6565551_2

**PROOF OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

     On August 11, 2008, I served the following document(s) described as:

**ANSWER OF DEFENDANTS FIRST NATIONAL BANK HOLDING COMPANY EMPLOYEE BENEFIT PLAN AND FIRST NATIONAL BANK HOLDING COMPANY TO PLAINTIFF ANN SANTILLI'S COMPAINT**

on the persons below as follows:

**John P. Stennet, Esq.**                   **Attorneys For**
**Stennet & Stennet**                       **Plaintiff Ann Santilli**
**501 West Broadway, Suite 1340**
**San Diego, CA 92101**

     I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐     deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒     placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

     I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐     (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒     (Federal)     I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

     Executed on August 11, 2008, at Los Angeles, California.

Robin Marie Goodwin                  /s/Robin Marie Goodwin
Type Name                                 Signature
* **(SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)**